07-0224-cr
USA v. Siraj

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2007

(Argued: June 16, 2008                    Decided: July 9, 2008)

Docket No. 07-0224-cr

- - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

                    Appellee,

          - v.-

SHAHAWAR MATIN SIRAJ,

                    Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - -x


          Before:          JACOBS, Chief Judge, Straub, Circuit
                           Judge, and Jones, District Judge.[*]

Appeal from a judgment of conviction entered on January 18, 2007 in the United States District Court for the Eastern District of New York (Gershon, J.). Among other challenges to his conviction, the appellant contends that he was entitled, under Federal Rule of Criminal Procedure

---

[*] The Honorable Barbara S. Jones, of the United States District Court for the Southern District of New York, sitting by designation.

16(a)(1)(B)(i), to discover police reports containing the substance of statements he made to an undercover police officer. For the following reasons, and for those reasons discussed in an accompanying summary order, we affirm.

MARSHALL L. MILLER (David C. James and Todd Harrison, on the brief), Assistant United States Attorneys for Benton J. Campbell, United States Attorney, Eastern District of New York, Brooklyn, NY for Appellee.

ROBERT J. BOYLE, New York, NY for Appellant.

DENNIS JACOBS, Chief Judge:

Shahawar Matin Siraj ("Matin") appeals from a judgment entered January 18, 2007 in the Eastern District of New York (Gershon, J.) convicting him of various offenses arising out of a conspiracy to bomb the Herald Square subway station in midtown Manhattan. Because most of Matin's arguments are defeated by well settled law, we consider them in an accompanying summary order. We write to resolve a single issue of first impression: whether written police reports that memorialize oral statements made by a defendant to an undercover officer must be produced upon demand under

2

Federal Rule of Criminal Procedure 16(a)(1)(B)(i).  We hold that they do not.

## BACKGROUND

Between November, 2002 and April, 2004, Matin spoke many times with an undercover New York City Police ("NYPD") officer who operated under the assumed name of Kamil Pasha. After speaking with Matin, Pasha would relay Matin's statements to his NYPD handler; and the handler would create a written report containing the substance of Matin's statements.  The government concedes that it did not give the NYPD reports to Matin in response to his pre-trial discovery request under Federal Rule of Criminal Procedure 16.

Matin argues that he was entitled to get the reports under subsection (a)(1)(B)(i) of Rule 16, and that he was prejudiced by the government's failure to produce them.

## DISCUSSION

### I

In determining whether the prosecutor was required to disclose the NYPD reports under Federal Rule of Criminal

Procedure 16, we begin with the relevant portion of the text:

> **(A) Defendant's Oral Statement.** Upon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.
>
> **(B) Defendant's Written or Recorded Statement.** Upon a defendant's request, the government <u>must disclose</u> to the defendant, and <u>make available for inspection, copying, or photographing, all of the following:</u>
>
> **(i)** <u>any relevant written or recorded statement by the defendant</u> if:
>
> - the statement is within the government's possession, custody, or control; and
>
> - the attorney for the government knows--or through due diligence could know--that the statement exists;
>
> **(ii)** the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent . . . .

Fed. R. Crim. P. 16(a)(1) (emphases added). Matin was

4

(concededly) unaware that Pasha was a government agent, and does not contend on appeal that he was entitled to the reports under subsections 16(a)(1)(A) or (a)(1)(B)(ii). Rather, he characterizes his statements--as embodied in the NYPD reports--as "written or recorded statement[s] by the defendant," and argues that they were therefore discoverable under Rule 16(a)(1)(B)(i).

Rule 16(a)(1)(B) distinguishes between two types of "Written or Recorded" statements. Subsection (i) makes discoverable all "relevant written or recorded statement[s] by the defendant" that the prosecutor could reasonably know are within the "government's possession, custody, or control." Subsection (ii) makes discoverable certain portions of "written record[s] containing the substance of any relevant oral statement" made by the defendant--"if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent."

Matin argues that he was entitled to his statements under subsection (i) because the "substance of [his] relevant oral statement[s]," Fed. R. Crim. P. 16(a)(1)(B)(ii), became "written or recorded statement[s] [of] the defendant" for purposes of subsection (i), when

they were reduced to writing in the NYPD reports.

We decline to adopt Matin's proposed reading of Rule 16.  Accord United States v. McClure, 734 F.2d 484, 493 (10th Cir. 1984).  Two closely related rationales inform our holding.

First, Matin's reading creates redundancy in the statute.  If the substance of a defendant's oral statements could be discovered under subsection (i) as soon as it is embodied in a written record, then every statement discoverable under subsection (ii) would also be discoverable under subsection (i).  Matin's proposed construction would therefore violate the "'well-settled' principle 'that courts should avoid statutory interpretations that render provisions superfluous,'" In re Nassau County Strip Search Cases, 461 F.3d 219, 227 (2d Cir. 2006) (quoting State St. Bank & Trust Co. v. Salovaara, 326 F.3d 130, 139 (2d Cir. 2003)).

Second, by explicitly designating as discoverable only those written memorializations of oral statements made in response to interrogation by a known government agent under subsection (a)(2)(B)(ii), Rule 16 implicitly excludes from its scope written memorializations of other oral statements

such as those at issue here.  Adopting Matin's reading of the term "written or recorded statement" would undermine that purpose by rendering discoverable <u>any</u> oral statement later embodied in a written report within the government's "possession, custody, or control."

**II**

Our holding is not inconsistent with <u>United States v. Johnson</u>, 525 F.2d 999, 1003-04 (2d Cir. 1975), which held that a government agent's written summary of a defendant's oral statement was discoverable as a "written or recorded statement" under the 1966 version of Federal Rule of Criminal Procedure 16.  <u>Johnson</u> does not control this case because the 1966 version of Rule 16 differs from today's version in a crucial respect:  it contained no analog to subsection (a)(1)(B)(ii).  And it is upon subsection (a)(1)(B)(ii) that our holding rests.

**CONCLUSION**

For the foregoing reasons, and for those stated in the accompanying summary order, we affirm.